Mohammed N. Workicho, OSB No. 186140
workichom@ballardspahr.com
**BALLARD SPAHR LLP**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff ASM, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ASM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ASM, LLC ("Plaintiff," "ASM," or the "Company") brings this action against Defendant, the United States of America ("Defendant"), for the recovery of employee retention credits ("ERC") wrongfully withheld by the Internal Revenue Service ("IRS"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for the recovery of a refund of the ERC allowed under Section 3134 of the Internal Revenue Code of 1986, as amended (the "IRC" or the "Code"), 26 U.S.C. §

3134, with respect to qualified wages that ASM paid to its employees during the third quarter of 2021 (the "Quarter at Issue").

2. ASM timely filed its Form 941 for the Quarter at Issue, which did not claim the ERC, and thereafter timely filed a Form 941-X for the Quarter at Issue that claimed the ERC (the "ERC Claim"). The IRS formally disallowed the ERC Claim in full by a Letter 105C dated October 30, 2024 (the "Refund Denial"), on the ground that ASM was not an "eligible employer" for purposes of the ERC. ASM timely protested the Refund Denial to the IRS Office of Appeals ("IRS Appeals Office") by letter dated November 22, 2024 (the "Protest"). To date, the IRS Appeals Office has not responded to the Protest.

3. ASM brings this action to recover the full amount of the ERC wrongfully withheld, plus interest as allowed by law, and to preserve its right to judicial review of the Refund Denial within the period prescribed by 26 U.S.C. § 6532(a).

## PARTIES

4. Plaintiff ASM, LLC is an Oregon limited liability company with its principal place of business at 66 SE Morrison Street, Portland, Oregon 97214.

5. Defendant is the United States of America, named pursuant to 26 U.S.C. § 7422(f)(1), which provides that a suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any sum alleged to have been excessive or in any manner wrongfully collected, may be maintained only against the United States.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1), which vests federal district courts with original jurisdiction, concurrent with the United



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

States Court of Federal Claims, over civil actions against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any sum alleged to have been excessive or in any manner wrongfully collected.

7. The exercise of that jurisdiction is conditioned on ASM's satisfaction of the prerequisites set out in 26 U.S.C. §§ 7422(a) and 6532(a). ASM must have duly filed an administrative claim for refund with the IRS, and suit may then be commenced only after six months have elapsed from the date the claim was filed (unless the IRS renders a decision on the claim sooner), and only before the expiration of two years from the date the IRS mails, by certified or registered mail, a notice disallowing the claim. *See* 26 U.S.C. § 6532(a)(1).

8. As set forth in detail in the Factual Background below, ASM duly filed an administrative claim for refund with the IRS for the full amount at issue, thereby exhausting its administrative remedies under 26 U.S.C. § 7422(a).

9. The ERC Claim was submitted on Form 941-X, which is the form the IRS prescribes for an employer to correct a previously filed Form 941 and to claim a refund of an overpayment of employment taxes, and which is therefore a proper vehicle for an administrative claim for refund of the ERC.

10. More than six months elapsed after the IRS received the ERC Claim on January 29, 2024, before the IRS rendered any decision on it, and the IRS thereafter mailed a notice of disallowance by certified mail on October 30, 2024, which triggered the two-year period within which suit must be commenced. That two-year period expires on October 30, 2026. ASM files this action within that two-year period.

11. Although ASM executed and transmitted to the IRS a Form 907, Agreement to Extend the Time to Bring Suit, the IRS never responded, as further described below. Because an



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

extension of the two-year period under 26 U.S.C. § 6532(a)(2) requires a written agreement between the taxpayer and the IRS, and because the IRS Appeals Office's consideration of ASM's Protest does not extend that period, ASM files this action now to preserve its rights. ASM does not concede that any extension agreement, once executed by the IRS, would be ineffective, and reserves all rights with respect to any such extension agreement.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1402(a). Because ASM is a single-member limited liability company that is treated as a corporation for federal employment tax purposes, it is an entity analogous to a corporation for venue purposes, and venue is therefore determined under the framework applicable to corporate taxpayers in 28 U.S.C. § 1402(a)(2). Accordingly, the proper venue is the judicial district in which ASM has its principal place of business or principal office or agency. ASM's principal place of business is in Portland, Multnomah County, Oregon, which is within this District. Venue would likewise be proper in this District under 28 U.S.C. § 1402(a)(1).

13. Assignment of this action to the Portland Division is proper under Local Rule 3-2 because ASM's principal place of business is located in Multnomah County, Oregon, and the events giving rise to ASM's claim occurred substantially within that county.

## FACTUAL BACKGROUND

14. ASM is a moving and relocation company headquartered in Portland, Oregon. As reflected in its correspondence with the IRS, ASM presents its business under the name "All Service Moving" and serves customers from locations in Portland, Seattle, Los Angeles, and Phoenix.



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

15. Movers make up more than 75% of ASM's workforce. ASM's customers include nursing homes and other healthcare facilities, for which ASM performs relocation services, and ASM pursues federal government contracts and subcontracts for moving services.

16. ASM carried on a trade or business throughout the Quarter at Issue and paid wages to its employees during that quarter.

17. The American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 9651, added Section 3134 to the Code, which allows an employee retention credit to "eligible employers" for qualified wages paid after June 30, 2021, and before January 1, 2022. The Infrastructure Investment and Jobs Act, Pub. L. No. 117-58, § 80604, later provided that Section 3134 would not apply to wages paid after September 30, 2021, other than wages paid by a recovery startup business. As a result, the Quarter at Issue is the final calendar quarter for which most employers may claim the ERC.

18. Under 26 U.S.C. § 3134(a), an eligible employer is allowed a credit against applicable employment taxes for each calendar quarter in an amount equal to 70% of the qualified wages paid with respect to each employee for that quarter, subject to a limit of $10,000 in qualified wages per employee per calendar quarter. *See* 26 U.S.C. § 3134(b)(1)(A). Any excess of the credit over the employer's applicable employment taxes is treated as a refundable overpayment. *See* 26 U.S.C. § 3134(b)(3).

19. An "eligible employer" includes any employer that was carrying on a trade or business during the calendar quarter for which the credit is determined and with respect to which, as relevant here, the operation of the trade or business is fully or partially suspended during the calendar quarter due to orders from an appropriate governmental authority limiting commerce, travel, or group meetings (for commercial, social, religious, or other purposes) due to the coronavirus disease 2019 (COVID-19). 26 U.S.C. § 3134(c)(2)(A)(i). An employer may



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

alternatively qualify based on a specified decline in gross receipts or as a recovery startup business. *See* 26 U.S.C. § 3134(c)(2)(A)(ii)–(iii).

20. During the Quarter at Issue, ASM experienced significant operational disruptions due to federal and state governmental orders related to COVID-19, which resulted in a partial suspension of ASM's business operations.

21. Federal contracts that ASM pursued during the Quarter at Issue required fully vaccinated staff pursuant to federal COVID-19 vaccination requirements applicable to federal contractors. ASM's bid team, which was actively working on federal bids, could not proceed because an insufficient number of ASM's employees provided proof of vaccination. As a result, ASM lost opportunities for long-term federal contracts and the revenues associated with them.

22. Those same vaccination requirements made subcontracting on federal bids unviable for ASM. For example, ASM lost a subcontracting opportunity because ASM could not provide the required number of vaccinated movers, even though some of ASM's staff were vaccinated.

23. The State of Oregon reinstated an indoor mask mandate effective August 13, 2021. The reinstated mandate created operational challenges in managing ASM's movers, who make up more than 75% of ASM's workforce. Resistance to the mask mandate among ASM's employees led to terminations, suspensions, and resignations, which further impaired ASM's ability to operate.

24. In August 2021, the federal government issued guidance indicating that nursing home staff and contractors, including businesses such as ASM, would be required to be vaccinated against COVID-19. Although that requirement was finalized in the fourth quarter of 2021, many of ASM's nursing home customers treated the guidance as mandatory during the Quarter at Issue, which caused ASM to lose business in that sector.



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

25. California, Oregon, and Washington each mandated COVID-19 vaccinations for contractors working in healthcare settings, including nursing homes, by September 30, 2021. Those requirements directly impaired ASM's ability to perform relocation services for nursing homes. The testing alternatives available under those requirements imposed additional costs on ASM, and many of ASM's employees refused vaccination or testing, which further limited ASM's capacity to serve that customer base.

26. The combined impact of these federal and state governmental orders created significant barriers to ASM's normal business operations during the Quarter at Issue.

27. These governmental orders limited commerce due to COVID-19, and they caused the suspension of more than a nominal portion of ASM's business operations, or had more than a nominal effect on those operations, during the Quarter at Issue. ASM therefore was an "eligible employer" within the meaning of 26 U.S.C. § 3134(c)(2)(A)(i) for the Quarter at Issue.

28. ASM paid qualified wages to its employees during the Quarter at Issue that entitle ASM to an ERC for that quarter.

29. ASM timely filed its Form 941 for the Quarter at Issue. That return did not claim the ERC.

30. ASM thereafter timely filed a Form 941-X for the Quarter at Issue that claimed the ERC. The IRS received the ERC Claim on January 29, 2024.

31. By letter dated October 30, 2024, the IRS formally disallowed ASM's ERC Claim. The Refund Denial identifies the kind of tax as "941-X," the date the claim was received as January 29, 2024, and the tax period as September 30, 2021.

32. By letter dated November 22, 2024, ASM timely submitted a formal protest of the Refund Denial to the IRS Appeals Office. The Protest described the federal and state governmental



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

orders and the resulting partial suspension of ASM's operations set forth above, contended that those orders meet the criteria for a partial suspension of operations under the ERC, and requested that the IRS Appeals Office reconsider the ERC Claim for the Quarter at Issue.

33. As of the date of this Complaint, the IRS Appeals Office has not responded to the Protest.

34. On October 26, 2026, ASM transmitted to the IRS by facsimile a signed Form 907, Agreement to Extend the Time to Bring Suit, to extend the two-year period within which ASM may bring suit to challenge the Refund Denial.

35. The IRS has not responded to ASM's request for an agreement to extend the time to bring suit.

36. On October 28, 2026, and October 29, 2026, a representative of ASM contacted the IRS office that processes Forms 907 in an effort to obtain a countersigned copy of the Form 907, but was unable to obtain one.

37. Because the IRS has not executed the Form 907, and because the IRS Appeals Office's continued consideration of the Protest does not extend the period for filing suit, ASM files this action to preserve its right to challenge the Refund Denial while the administrative process continues.

## COUNT I
## (Refund of Employee Retention Credit for the Quarter at Issue, 26 U.S.C. §§ 3134, 6402, 6511, 7422)

38. ASM repeats and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. During the Quarter at Issue, ASM carried on a trade or business, and the operation of that trade or business was partially suspended due to orders from appropriate governmental



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

authorities limiting commerce due to COVID-19. ASM therefore was an "eligible employer" within the meaning of 26 U.S.C. § 3134(c)(2)(A)(i).

40. Also, during the Quarter at Issue, ASM paid qualified wages within the meaning of 26 U.S.C. § 3134(c) and is entitled to an ERC for that quarter, the excess of which over ASM's applicable employment taxes is treated as an overpayment refundable to ASM under 26 U.S.C. §§ 3134(b)(3), 6402(a), and 6413(b).

41. ASM timely and duly filed a claim for refund for the Quarter at Issue, as required by 26 U.S.C. §§ 6511 and 7422(a), and has satisfied all conditions precedent to the maintenance of this action.

42. The IRS's disallowance of the ERC Claim was erroneous, and the IRS has wrongfully withheld the ERC to which ASM is entitled. ASM, therefore, is entitled to a refund, plus statutory interest as provided by 26 U.S.C. § 6611.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ASM, LLC requests that the Court enter judgment in its favor against Defendant, the United States of America, as follows:

(a) On Count I, awarding ASM $[redacted], representing the ERC for the Quarter at Issue that the IRS wrongfully withheld, or such greater amount as may be legally refundable;

(b) Awarding ASM statutory interest on that amount as provided by 26 U.S.C. § 6611 and as otherwise provided by law;

(c) Awarding ASM its costs of suit, *see* 28 U.S.C. § 2412(a), and its reasonable litigation costs, including attorneys' fees, under 26 U.S.C. § 7430; and

(d) Granting such other and further relief as the Court deems just and proper.



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200

## DEMAND FOR JURY TRIAL

Plaintiff ASM, LLC demands a trial by jury on all issues so triable.

DATED: October 29, 2026

**BALLARD SPAHR LLP**

By: *s/Mohammed Workicho*
Mohammed N. Workicho, OSB No. 186140
Telephone: 503.778.2113

*Attorneys for Plaintiff ASM, LLC*



**BALLARD SPAHR LLP**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200